IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOGAN GARRISON,

    Plaintiff,

v.                                                              No. 12-cv-1023 LH/SMV

**CITY OF RUIDOSO DOWNS,**
**ALFRED ORTIZ, and**
**CHRISTOPHER RUPP,**

    **Defendants.**

## ORDER TO SHOW CAUSE
### and
## ORDER REQUIRING PLAINTIFF TO SERVE INITIAL DISCLOSURES

THIS MATTER is before the Court sua sponte. The Court held a Telephonic Rule 16 Scheduling Conference on April 22, 2013. Because Plaintiff did not participate at the Scheduling Conference, and because Plaintiff has failed to serve his initial disclosures pursuant to the Court's Initial Scheduling Order and Fed. R. Civ. P. 26, the Court will order Plaintiff to show cause why the Court should not impose sanctions up to and including dismissal of his case. The Court will also order Plaintiff to serve his initial disclosures.

Courts may impose sanctions under Fed. R. Civ. P. 16(f)(1)(A) on a party who fails to appear at a scheduling conference, and under Fed. R. Civ. P. 16(f)(1)(C) on a party who fails to obey a pretrial order. However, reasonable expenses—including attorney's fees—*must* be ordered where they are "incurred because of any noncompliance with [Rule 16], *unless* the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added).

Moreover, under Fed. R. Civ. P. 37(b)(2)(A), "if a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders [for sanctions]." Echoing Rule 16, Rule 37 mandates that courts "*must* order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless* the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphases added). The Rules notwithstanding, courts have inherent power to impose sanctions, including reasonable expenses and attorney's fees. *E.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (courts have inherent power to impose sanctions "to deter frivolous and abusive litigation and promote justice and judicial efficiency").

Here, the Court required Plaintiff to serve his initial disclosures no later than April 15, 2013. Initial Scheduling Order [Doc. 17] at 2; *see also* Fed. R. Civ. P. 26(a)(1)(A) (listing the documents and materials that a party must serve on another party as part of his initial disclosures). At the Scheduling Conference, defense counsel informed the Court that Plaintiff had not yet served Defendants with his required initial disclosures—an entire week after the deadline imposed by the Court. Clerk's Minutes [Doc. 20] at 1; Initial Scheduling Order [Doc. 17] at 2. In addition to failing to serve his initial disclosures, Plaintiff also failed to appear at the Telephonic Rule 16 Scheduling Conference. Clerk's Minutes [Doc. 20] at 1. Accordingly, the Court finds that: (1) Plaintiff has failed to serve his initial disclosures as required by the Initial Scheduling Order, [Doc. 17], and Fed. R. Civ. P. 26; and (2) Plaintiff has failed to appear at the Scheduling Conference, which is sanctionable under Fed. R. Civ. 16(f) and also because the failure violated the Court's Initial Scheduling Order [Doc. 17]. The Court, therefore, may

impose sanctions on Plaintiff absent a showing of good cause, and must order Plaintiff to pay reasonable costs (including attorney's fees) absent a showing that the failures were substantially justified.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff show cause **within 21 days of entry of this Order, in a written filing,** why he should not be subject to sanctions—up to the dismissal of his case—or pay reasonable costs and attorney's fees, for his failures to follow the Court's Initial Scheduling Order [Doc. 17] and to attend the Scheduling Conference.

**IT IS FURTHER ORDERED** that defense counsel is instructed to provide the Court with an affidavit setting forth reasonable costs and attorney's fees relating to the preparation of initial disclosures, the Joint Status Report [Doc. 18], and the Telephonic Rule 16 Scheduling Conference. Counsel shall file the affidavit **within 14 days of entry of this Order**.

**IT IS FURTHER ORDERED** that **within 21 days of entry of this Order**, Plaintiff should serve his initial disclosures that fully comply with Fed. R. Civ. P. 26(a)(1)(A) and D.N.M.LR-Civ. 26.3(d). **Plaintiff is admonished that further failures to comply may result in imposition of additional sanctions, including dismissal of the litigation with prejudice**. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992).

**IT IS SO ORDERED**.

_____
 **STEPHAN M. VIDMAR**
 **United States Magistrate Judge**